```
            IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION


GETTHERE, L.P.,                  §
                                 §
        Plaintiff,               §
                                 §
VS.                              §   NO. 4:05-CV-221-A
                                 §
MATTHEW BECK, ET AL.,            §
                                 §
        Defendants.              §
```

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration the motion of plaintiff, Getthere, L.P., to remand. The court, having considered the motion, the response of defendants, Matthew Beck ("Beck"), Paula T. Belikove, Jerome T. Chen, Anthony J. D'Astolfo, Deanna J. Foster, Robert J. Gabany, Sean Handel, Richard Hernandez, Deborah A. Klish, Kelly L. Martin, Suzette D. Messa, Mark H. Orttung, and Rearden Commerce, Inc. ("Rearden"), the reply, the memoranda filed in response to the court's May 20, 2005, telephone conference/hearing and written order, the record, and applicable authorities, finds that the motion should be granted.

I.

<u>Proceedings and Claims</u>

On March 2, 2005, plaintiff filed its original petition in the 96th Judicial District Court of Tarrant County, Texas. The action was brought before this court by notice of removal filed

April 4, 2005.[1]  Defendants contend that the court has jurisdiction of this action, because complete diversity of jurisdiction exists, but for the fraudulent joinder of Beck as a defendant.

The defendants are a competitor and former employees of plaintiff who, plaintiff alleges, are using plaintiff's confidential, proprietary, and trade secret information to plaintiff's detriment.  Plaintiff asserts causes of action for breach of its contract with Rearden, breach of confidentiality agreements by the individual defendants, misappropriation of trade secrets, tortious interference with contract, breach of fiduciary duty and conspiracy to breach fiduciary duty, and common law misappropriation.

II.

Ground of the Motion

Plaintiff alleges that Beck has not been fraudulently joined and that the action should be remanded to the state court from which it was removed.

III.

Removal Jurisdiction

The burden of establishing federal jurisdiction is on the party seeking removal.  Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993).  Interests of federalism and comity require that removal jurisdiction be strictly construed.  Bosky

---

[1] The notice of removal was ordered stricken by order signed April 6, 2005, for failure to meet certain procedural requirements. An amended notice of removal was filed April 7, 2005.

v. Kroger Tex., L.P., 288 F.3d 208, 211 (5th Cir. 2002); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). Jurisdiction is determined as of the time of removal. Bank One Tex., N.A. v. Morrison, 26 F.3d 544, 547 (5th Cir. 1994). The court considers only the citizenship of real and substantial parties to the controversy and disregards nominal or formal parties who have no real interest in the dispute before the court. Navarro Savs. Ass'n v. Lee, 446 U.S. 458, 460-61 (1980); Wolff v. Wolff, 768 F.2d 642, 645 (5th Cir. 1985).

A removing party alleging jurisdiction on the basis of improper joinder bears a heavy burden. Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004); B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). The burden may be met by showing either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003). To prove the latter, the party must establish that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court. B., Inc., 663 F.2d at 549. If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no improper joinder. Travis, 326 F.3d at 648.

To determine whether the plaintiff will be able to establish a cause of action, the court may either conduct a Rule 12(b)(6)-

3

type analysis or, in rare cases, make a summary inquiry to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery against the in-state defendant. McDonal v. Abbot Labs., No. 02-60773, slip op. at 6 n.6 (5th Cir. Apr. 26 2005); Smallwood, 385 F.3d at 573-74.  The court should not deny the motion to remand unless the plaintiff would not be entitled to any relief under any set of facts or any possible theory it could prove consistent with the allegations in the petition.  Travis, 326 F.3d at 648.  And, in making its ruling, the court should not become involved in substantial hearings that go beyond the issue of jurisdiction to the merits of the plaintiff's claims.  Smallwood, 385 F.3d at 574; Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996).

## IV.

### Analysis

In this case, Beck wants the court to undertake a substantial analysis to conclude that plaintiff cannot recover on any of its pleaded causes of action against him.  He asks the court to consider the merits, urging in his declaration that there is no factual basis for the claims against him.  However, this is not a case where a discrete and undisputed fact precludes plaintiff's recovery against Beck.  See Smallwood, 385 F.3d at 573.  Because defendants have not shown that plaintiff would not be entitled to any relief under any set of facts or any possible

4

theory that it could prove consistent with the allegations in the petition, the motion to remand must be granted.

V.

Order

For the reasons discussed herein,

The court ORDERS that plaintiff's motion to remand be, and is hereby, granted, and that this action be, and is hereby, remanded to the 96th Judicial District Court of Tarrant County, Texas, from which it was removed.

SIGNED May   27  , 2005.

    /s/ John McBryde
JOHN McBRYDE
United States District Judge

5